Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Robert L. Hyde, Esq. (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
(619) 233-7770
(619) 297-1022

Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
**Kazerouni Law Group APC**
2700 North Main Street, Ste. 1050
Santa Ana, CA 92866
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Attorneys for Nina Afrasiabi

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NINA AFRASIABI, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED<br><br>PLAINTIFF,<br>V.<br><br>SRA ASSOCIATES, INC.,<br><br>DEFENDANT. | Case No: \_\_'11CV0311 H\_\_ JMA\_\_<br><br>**CLASS ACTION**<br><br>COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 ET SEQ.<br><br>**Jury Trial Demanded** |

HYDE & SWIGART
San Diego, California

**INTRODUCTION**

1.	Nina Afrasiabi, (Plaintiff), through Plaintiff's attorneys, brings this class action for damages, injunctive relief, and any other available legal or equitable remedies resulting from the illegal actions of SRA Associates, Inc., ("Defendant") in negligently, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiff's privacy.  Plaintiff alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

**JURISDICTION AND VENUE**

2.	Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1332(d)(2) because Plaintiff seeks relief on behalf of a national class action, which will result in at least one class member belonging to a different state than that of Defendant. Plaintiff also seeks up to $1,500 in damages for each call in violation of the TCPA, which, when aggregated among a proposed class number in tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction.  Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present and this Court has jurisdiction.

3.	Venue is proper in the United States District Court for the Southern District of California pursuant to 18 U.S.C. § 1391(b) and 1441(a) because Defendant does business within the State of California and the County of San Diego.

**PARTIES**

4.	Plaintiff is, and all times mentioned herein was, an individual citizen and resident of the State of California.  Plaintiff is, and all times mentioned herein was, "person(s)" as defined by 47 U.S.C. §153 (10).

HYDE & SWIGART
San Diego, California

1    5.   Defendant is located and does business in the City of San Diego, in the State

2         of California.

3    6.   Defendant is a person who uses an instrumentality of interstate commerce or

4         the mails in a business the principal purpose of which is the collection of

5         debts, or who regularly collects or attempts to collect, directly or indirectly,

6         debts owed or due or asserted to be owed or due another and is therefore a

7         debt collector.   At all times mentioned herein, Defendant were and is a

8         corporation and "person(s)" as defined by 47 U.S.C. § 152 (10).

9                              FACTUAL ALLEGATIONS

10   7.   At all times relevant, Plaintiff was an individual residing within the State of

11        California.  Plaintiff is, and at all times mentioned herein was, a "person" as

12        defined by 47 U.S.C. § 153 (10).

13   8.   Defendant is, and at all times mentioned herein was, a corporation and a

14        "person," as defined by 47 U.S.C. § 153 (10).

15   9.   At all times relevant Defendant conducted business in the State of California

16        and in the County of San Diego.

17   10.  Plaintiff leased a vehicle, a Mazda CX-7, on or about January 2008 from

18        Tustin Mazda.

19   11.  On information and belief, Mazda American Credit financed the lease of

20        Plaintiff's vehicle, subsequent to lease by Tustin Mazda.

21   12.  Plaintiff made all the regularly scheduled lease payments to the Mazda

22        American Credit.

23   13.  In or about February or March 2010, Plaintiff returned the vehicle the lease

24        vehicle, as the lease had expired.

25   14.  Subsequently, in March 2010, the Tustin Mazda, directly and/or through its

26        agent, Mazda American Credit began to attempt to collected money for

27        alleged cosmetic damage to the vehicle.

28

HYDE & SWIGART
San Diego, California

15. Plaintiff did not incur any alleged damage to the vehicle, disputed this fact with all entities, including Tustin Mazda and/or Mazda American Credit, and refused to pay.

16. On or about June 10, 2010, the alleged debt was assigned, placed, or otherwise transferred, to the Reese Law Group for collection.

17. After the Reese Law Group was unsuccessful in collecting the alleged debt (which was not even owed), the Reese Law Group, and/or Tustin Mazda, and/or Mazda American Credit, transferred and/or assigned the same delinquent account to Defendant.

18. Starting on or about September, 2010, Defendant used an autodialer and/or prerecorded voice message to telephone Plaintiff's cellular phone in connection with collection of the alleged debt.

19. Plaintiff never provided her new cellular telephone to Defendant, Tustin Mazda and/or Mazda American Credit and/or the Reese Law Group, as she did not even have her current cellular telephone number at the time she entered into the lease.

20. Plaintiff never provided implied and/or express consent in any manner for Tustin Mazda, Mazda American Credit, the Reese Law Group and/or Defendant to contact her on her cellular telephone with an autodialer and/or prerecorded voice message.

21. These automated telephone calls to Plaintiff's cellular telephone using an automated dialer and/or pre-recorded message continued for two or three months.

22. On all these occasions over numerous months, all prior to the date this Complaint was filed, but sometime after four years prior to the date this Complaint was filed, Defendant contacted Plaintiff on Plaintiff's cellular telephone via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227 (a)(1).

23. During these telephone calls Defendant used "an artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227 (b)(1)(A).

24. The telephone number Defendant called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

25. These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

26. Plaintiff did not provide prior express consent to receive calls on Plaintiff's cellular telephone, pursuant to 47 U.S.C. § 227 (b)(1)(A).

27. These telephone calls by Defendant violated 47 U.S.C. § 227(b)(1).

**CLASS ACTION ALLEGATIONS**

28. Plaintiff brings this action on behalf of herself and on behalf of and all others similarly situated ("the Class").

29. Plaintiff represents, and is a member of, the Class, consisting of all persons within the United States who received any telephone call from Defendant or its agent to said person's cellular telephone made through the use of any automatic telephone dialing system or with an artificial or prerecorded voice, which call was not made for emergency purposes or with the recipient's prior express consent, within the four years prior to the filing of this Complaint.

30. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the tens of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

31. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and the Class members via their cellular telephones thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular

HYDE & SWIGART
San Diego, California

HYDE & SWIGART
San Diego, California

1  telephone time for which Plaintiff and the Class members previously paid, by
2  having to retrieve or administer messages left by Defendant during those
3  illegal calls, and invading the privacy of said Plaintiff and the Class members.
4  Plaintiff and the Class members were damaged thereby.

5  32.  This suit seeks only damages and injunctive relief for recovery of economic
6  injury on behalf of the Class and it expressly is not intended to request any
7  recovery for personal injury and claims related thereto.  Plaintiff reserves the
8  right to expand the Class definition to seek recovery on behalf of additional
9  persons as warranted as facts are learned in further investigation and
10  discovery.

11  33.  The joinder of the Class members is impractical and the disposition of their
12  claims in the Class action will provide substantial benefits both to the parties
13  and to the court.  The Class can be identified through Defendant's records or
14  Defendant's agents' records.

15  34.  There is a well-defined community of interest in the questions of law and fact
16  involved affecting the parties to be represented.  The questions of law and fact
17  to the Class predominate over questions which may affect individual Class
18  members, including the following:

19         a.  Whether, within the four years prior to the filing of this Complaint,
20             Defendant made any call (other than a call made for emergency
21             purposes or made with the prior express consent of the called party)
22             to a Class member using any automatic telephone dialing system or
23             an artificial or prerecorded voice to any telephone number assigned
24             to a cellular telephone service.

25         b.  Whether Plaintiff and the Class members were damaged thereby, and
26             the extent of damages for such violation; and

27         c.  Whether Defendant should be enjoined from engaging in such
28             conduct in the future.

HYDE & SWIGART
San Diego, California

35. As a person that received numerous calls using an automatic telephone dialing system or an artificial or prerecorded voice, without Plaintiff's prior express consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

36. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

37. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

38. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

39. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

//

//

//

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 *ET SEQ.***

40.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41.  The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

42.  As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq*, Plaintiff and The Classes are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

43.  Plaintiff and the The Classes are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**SECOND CAUSE OF ACTION**
**KNOWING AND/OR WILLFUL VIOLATIONS OF THE**
**TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 *ET SEQ.***

44.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45.  The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

46.  As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and each of the The Classes are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

47.  Plaintiff and the The Classes are also entitled to and seek injunctive relief prohibiting such conduct in the future.

HYDE & SWIGART
San Diego, California

**PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The Class members the following relief against Defendant:

**FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 *ET SEQ.***

- As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class and Subclass member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

**SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227 *ET SEQ.***

- As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class and Subclass member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

- Any other relief the Court may deem just and proper.

//
//
//
//
//

HYDE & SWIGART
San Diego, California

1

**TRIAL BY JURY**

2       Pursuant to the seventh amendment to the Constitution of the United States

3   of America, Plaintiff is entitled to, and demands, a trial by jury.

4

5   Respectfully submitted,

6                                                      **Hyde & Swigart**

7

8   Date: ___2/15/11___                  By:___/s/ Joshua Swigart___

9                                                      Joshua B. Swigart
                                                       Attorneys for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**HYDE & SWIGART**
San Diego, California

___

**Class Action Complaint for Damages**        **- 10 of 10 -**

℞JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Nina Afrasiabi, Individually and on Behalf of All Others Similarly Situated

## DEFENDANTS

SRA Associates, Inc.

**(b)** County of Residence of First Listed Plaintiff   San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   San Diego
(IN U.S. PLAINTIFF CASES ONLY)

NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Hyde & Swigart  411 Camino Del Rio South Suite 301
San Diego, CA 92108  619.233.7770

Attorneys (If Known)

'11 CV0311 H     JMA

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government
       Plaintiff

☐ 3  Federal Question
       (U.S. Government Not a Party)

☐ 2  U.S. Government
       Defendant

☒ 4  Diversity
       (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES(Place an "X" in One Box for Plaintiff
(For Diversity Cases Only)                          and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☐ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | Alien Detainee | | ☐ 950 Constitutionality of |
| | Other | | ☐ 465 Other Immigration | | State Statutes |
| | ☐ 440 Other Civil Rights | | Actions | | |

## V. ORIGIN   (Place an "X" in One Box Only)

☒ 1  Original
       Proceeding

☐ 2  Removed from
       State Court

☐ 3  Remanded from
       Appellate Court

☐ 4  Reinstated or
       Reopened

☐ 5  Transferred from
       another district
       (specify)

☐ 6  Multidistrict
       Litigation

☐ 7  Appeal to District
       Judge from
       Magistrate
       Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
47 U.S.C. § 227 et seq

Brief description of cause:
TCPA

## VII. REQUESTED IN   COMPLAINT:

☑ CHECK IF THIS IS A CLASS ACTION
UNDER F.R.C.P. 23

DEMAND $
Exceeds $5 Million

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☑ Yes   ☐ No

## VIII. RELATED CASE(S)   IF ANY

(See instructions):

JUDGE _____

DOCKET NUMBER _____

DATE
2/15/11

SIGNATURE OF ATTORNEY OF RECORD

## FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____